UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANA REUEL KLEIN, II,<br><br>        Plaintiff,<br>    vs.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | NO. CV-10-152-JLQ<br><br>**ORDER DENYING MOTION FOR REMAND AND MOTION TO STRIKE** |

**BEFORE THE COURT** are Plaintiff's Motion for Remand (**Ct. Rec. 7**) and Motion for Order Striking Defendants' Motion to Dismiss Hearing; and Stay Proceedings Pending Discovery Procedures (**Ct. Rec. 22**).

Plaintiff commenced this action in Spokane County Superior Court. The case was removed to federal court on May 18, 2010.  Ct. Rec. 1.  Defendants petitioned for removal pursuant to 28 U.S.C. § 1331 on the grounds that this case presents a federal question.  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden of demonstrating jurisdiction resides with the party seeking removal.

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal

ORDER - 1

question is presented on the face of plaintiff's properly pleaded complaint." *Id*. at 392, 107 S.Ct. at 2429, 96 L.Ed.2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). The plaintiff is generally the "master of the claim." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429, 96 L.Ed.2d 318. If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and thereby defeat removal. *Hunter v. United Van Lines*, 746 F.2d 635, 641 (9th Cir.1984). A narrow exception to this general principle exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim. *Sullivan v. First Affiliated Sec., Inc*., 813 F.2d 1368, 1372 (9th Cir.1987). However, the "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Salveson v. Western States Bankcard Association*, 731 F.2d 1423, 1427 (9th Cir. 1984).

      Plaintiff's complaint challenges the Airway Heights Corrections Center program called "Right Living," ("RL") which he contends is a religious-based spiritual program. Plaintiff asserts he was forced to participate in the program by being forced to wear the "RL society medallion" which identified him as a member of the program. Plaintiff requests the court to declare the program unconstitutional under the state and United States constitutions and in violation of the Corrections Reform Act, RCW 72.09.135.

      Defendants contend that the removal was proper because Plaintiff's Complaint raises claims under federal constitutional law and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb. Defendants' removal was understandable given the nature of the claims, the numerous references to alleged violations of the 1st and 8th amendments to the United States Constitution, as well as ambiguous language referring to the "Religious Freedoms Act." Plaintiff now represents to the court that although the U.S. Constitution is mentioned, he did not intend to seek relief under any federal statute and that the U.S Constitution is raised only as "secondary authority" in the event there is a

ORDER - 2

conflict. Plaintiff argues that Defendants have removed the case in bad faith for the purpose of delay, and in order to rely upon the "strict standards of exhaustion under the Prison Litigation Reform Act..." Ct. Rec. 8 at 2.

Plaintiff does not explicitly challenge federal jurisdiction. His assertion that he has not brought a federal claim is contradicted by his concession that he asserts federal constitutional claims as an alternative. Plaintiff's Complaint plainly states that Defendants violated his rights under the 1st and 8th Amendments to the U.S. Constitution. As such, the court finds that this court has jurisdiction over the Complaint and the removal was therefore proper. The court will adjudicate Plaintiffs' federal claims and thereafter decide whether to exercise supplementary jurisdiction over the state law claims, or remand them to state court. The court notes that the Motion to Dismiss filed by Defendants seeks dismissal of both the federal and state law claims for failure to exhaust his administrative remedies prior to filing suit.

Plaintiff's Motion For Remand (Ct. Rec. 7) and Motion for Order Striking Defendants' Motion to Dismiss Hearing (Ct. Rec. 22) are **DENIED**. Plaintiff shall file any response to the Defendants' Motion to Dismiss on or before **September 6, 2010**. Any reply shall be filed on or before **September 16, 2010**. Defendants' Motion to Dismiss **(Ct. Rec. 17)** shall be set on the court's calendar for hearing without oral argument on **September 17, 2010**.

The Clerk is hereby directed to enter this Order and furnish copies to counsel and Plaintiff.

**DATED** this 16th day of August, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3