UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANA REUEL KLEIN, II,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | NO. CV-10-0152-JLQ<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

BEFORE THE COURT is Plaintiff's Motion for Temporary Restraining Order (ECF No. 55)(the "Motion") and his supporting Memorandum, Affidavit, and Exhibits (ECF No. 56). Defendants have filed a Memorandum in Opposition (ECF No. 58) supported by the Declaration of Robert Herzog, Associated Superintendent at Airway Heights Correctional Center ("AHCC"). Plaintiff has filed a Reply and supporting Declaration. (ECF No. 61-62). Upon review, the Court finds and concludes as follows.

**I. Introduction**

Plaintiff Dana R. Klein, II ("Plaintiff") is an inmate at AHCC and he seeks to have the court restrain the Defendants from further operation of the Right Living program. (ECF No. 55). Plaintiff contends the Right Living program is religious based and that his forced participation therein violates his First Amendment right to free exercise of religion. Plaintiff asserts both in his Complaint and in his Affidavit in support of his request for a TRO that if he refuses to participate in the Right Living program he is denied access to food and that he has been informed that other privileges such as the right to leave his unit and exercise will be curtailed if he continues to refuse to

ORDER - 1

participate.

Defendants contend that the Right Living program "is not religious based nor does the model promote religion in any way." Aff. of R. Herzog (ECF No. 59, ¶ 6). Defendants assert the Right Living program is an inmate management model with two primary goals: 1) to better prepare inmates for re-entry into society and to create a significantly safer, more secure, and respectful culture by stressing personal responsibility and accountability. *Id.* at ¶ 2. Defendants' position is that participation in the program is "mandatory" and that if an inmate refused to wear the Right Living badge, "that decision is voluntary and [the inmate] will experience the natural consequence" of that refusal. *Id.* at ¶¶ 2, 5. Defendants appear to take the position that the inmate's movement will be restricted, he may miss some meals, and his food and fluid intake would be monitored if he missed too many meals. *Id.* at ¶ 7. Mr. Herzog states that if an inmate continued to refuse to participate in Right Living "he would ultimately be placed in segregation and transferred from the facility." *Id.* While not ruling herein, the court's preliminary review of the Right Living program indicates that the program is, in fact, one designed to educate inmates on an individual's personal responsibilities as a citizen rather than being a religious based program. The obligation to comply with the law and society's norms are often also reflected in religious tenets. That does not make all responsibility based programs ones of a religious nature.

**II. Standard of Review**

In evaluating a request for TRO or preliminary injunction under Fed.R.Civ.P. 65, the Supreme Court's opinion in *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365 (2008) sets the applicable standard. In seeking a TRO or preliminary injunction a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374. The Supreme Court emphasized that irreparable injury must be "likely" not merely possible and that a preliminary injunction should not be issued simply to prevent the possibility of some

ORDER - 2

remote future injury. *Id.* at 374-75.  Injunctive relief is an extraordinary remedy and will not be awarded absent a clear showing that the plaintiff is entitled to such relief. *Id.* at 376.

A party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury sufficient to merit relief by demonstrating the existence of a colorable First Amendment claim. *Warsoldier v. Woodford*, 418 F.3d 989, 1001 (9th Cir. 2005).  Generally, deprivation of a constitutional right will constitute irreparable injury. *Id.* at 1002 ("Because [plaintiff] has, at a minimum, raised a colorable claim that exercise of his religious beliefs has been infringed, he has sufficiently established that he will suffer an irreparable injury absent an injunction barring enforcement of the grooming policy against him.").  This does not mean that every Complaint which states a claim of Constitutional deprivation entitles the plaintiff to injunctive relief--quite the contrary: "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S.Ct. at 376.  "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.*

**III.  Mootness**

Before proceeding to address the merits of the Motion, the court must determine if the issue before it is moot.  The jurisdiction of a federal court depends on the existence of a live case or controversy. *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).  Courts do not decide questions that cannot affect the rights of litigants in the cases before them. *Id.* at 528.  If an issue in a case is no longer in dispute, or a party receives the requested relief, then the issue may be moot.

Plaintiff's Motion sought to have the court enter a temporary restraining order/preliminary injunction enjoining Defendants from further operation of the Right Living program.  Although labeled as a request for a temporary restraining order, it appears that Plaintiff is really seeking a preliminary injunction, because he seeks to have the injunction last throughout the pendency of this action, he provided notice to the

ORDER - 3

Defendants, and he set the matter on a non-emergency basis (30 days after the filing of the motion). Temporary restraining orders may be granted without notice to the opposing party, but generally must expire within 14 days. Fed.R.Civ.P. 65(b).

In reviewing the briefing on the Motion, the court encountered several references to the possible discontinuation of the Right Living program due to state budgetary constraints. For example, the AHCC Memo of October 8, 2010, filed by Plaintiff at (ECF No. 61, Ex. 8) states: "Right Living DOC and the Spectrum contract staff will no longer be funded in support of RLC. This is a cut that is likely to occur fairly soon." However, the memo states that for the time being business will continue as usual, and that the program is not ending on October 15th or in mid-November. (ECF No. 61, Ex. 8). Plaintiff states in his Reply that on or about November 12, 2010, Herzog notified the custody unit supervisor that RL was going to be made voluntary. Plaintiff then states: "RL lead inmates announced on November 30, and December 2, 2010, they had been told RL was voluntary and inmates are not required to participate any longer in RL." (ECF No. 60, p. 4).

Due to these significant factual developments, which were not adequately addressed by Defendants in the briefing, the court ordered the Defendants to submit supplemental documents and declarations concerning the continued existence of the Right Living program. (ECF No. 62). Defendants submitted the Supplemental Declaration of Robert Herzog and a December 10, 2010 Memo which was circulated to the inmates at AHCC. (ECF No. 64).

The Supplemental Declaration indicates that the Right Living program "was terminated due to [Department of Corrections] eliminating funding for the model." (ECF No. 64, p. 2). The termination was effective December 31, 2010, and "as of December 10, 2010, offenders were no longer required to wear their RL crew ID cards." *Id.* The Memo circulated to the inmates informed them that AHCC administration had "decided to end" the Right Living program and that they were no longer required to wear the RL identification.

Plaintiff's Motion sought to have the court enjoin further operation of the Right Living program. Plaintiff complained of the mandatory nature of the RL program, and of having to wear a RL identification badge. The Right Living program has been ended due to budget constraints and Plaintiff is no longer required to wear the RL identification. Further, the Herzog declarations state that **if** the program continues in any form, such as "offering the RL handbook studies and phase study guide classes," such study will be on a voluntary basis. (ECF No. 64 p. 3). Thus, Plaintiff has received the relief sought in his Motion--he is no longer required to participate in the RL program and the program has been discontinued. Plaintiff's request for relief is moot. Since the program is discontinued and at most the Plaintiff has missed a few meals, the basis for a summary judgment dismissal may exist, although a final ruling therein must await appropriate submittals. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order (ECF 55) is **denied as moot**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel and Plaintiff.

**DATED** this 20th day of January, 2011.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5